ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
| j Petitioner, Debra H. Braun,[1] successfully passed the essay portion of the Louisiana Bar Examination. However, the Committee on Bar Admissions (“Committee”) advised petitioner that it was unable to certify her for admission on character and fitness grounds, including (1) her failure to disclose a pending civil suit in a bankruptcy proceeding; (2) documentation from a hospice where she was formerly employed as a nurse which revealed adverse information concerning her separation of employment; and (3) misrepresentations she made to the Commit *339 tee concerning the circumstances which led the hospice to terminate her employment.
On petitioner’s application to this court, we remanded this matter to the Committee on Bar Admissions Panel on Character and Fitness to conduct an investigation and appointed a commissioner to take character and fitness evidence. During the character and fitness hearing, the commissioner received documentary evidence and heard testimony given by petitioner and her witnesses. The commissioner also heard the testimony of the attorneys who represented petitioner in her bankruptcy proceeding and in the civil suit which she had failed to disclose, as well as testimony from petitioner’s former employer.
Following the proceedings, the commissioner filed his report with this court, recommending that petitioner be denied admission to the practice of law. | ^Petitioner objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(D)(11).
After hearing oral argument, reviewing the evidence, and considering the law, we agree with the commissioner that petitioner lacks the requisite good moral character to be admitted to the bar. Petitioner filed for bankruptcy in 2005 but failed to disclose — either on the various bankruptcy forms that she signed under penalty of perjury or to the bankruptcy trustee — that she was a plaintiff in a pending civil case. Even accepting as true petitioner’s contention that she relied upon the advice of counsel in failing to disclose the litigation as an asset of the bankruptcy estate, petitioner subsequently agreed to a settlement of the civil case and then retained the settlement funds for herself. Such conduct could subject petitioner to criminal investigation or prosecution for bankruptcy fraud. More importantly, petitioner’s actions caused harm to her creditors, as by the time the bankruptcy trustee learned of the settlement, petitioner had spent the money she received and the trustee had to abandon any claim on behalf of the creditors, reasoning that “you can’t get blood out of a turnip.” Under these circumstances, there can be no doubt that petitioner has demonstrated a lack of candor which reflects adversely on her character and fitness.[2]
Considering these facts, we agree with the commissioner’s observation that petitioner has engaged in a pattern of conduct which is fundamentally inconsistent with a lawyer’s duties of truth and honesty. We therefore conclude petitioner has failed to meet her burden of proving that she has “good moral character” to be admitted to the Louisiana State Bar Association. See Supreme Court Rule XVII, § |S5(D). Accordingly, it is ordered that the application for admission be and hereby is denied.
ADMISSION DENIED.
JOHNSON, Justice, dissents.
GUIDRY, Justice, dissents and would grant conditional admission.

. Petitioner is now known as Debra Braun Harrison.

. The commissioner also found that petitioner made misrepresentations to the Committee concerning her employment. Based on our review of the record, we find the circumstances surrounding the employment issues are inconclusive with regard to petitioner’s character.